UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOYCE WILTSHIRE,**

    **Plaintiff,**

v.                                          Case No.  8:06-cv-1377-T-30MSS

**LAKE WALES CHARTER SCHOOLS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Lake Wales Charter Schools Motion to Dismiss (Dkt. 19) and Plaintiff Joyce Wiltshire's Memorandum in Opposition to the same (Dkt. 20).

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983).  However, a plaintiff must do more than merely "label" his claims.

Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Additionally, "while Rule 8 allows a plaintiff considerable leeway in framing its complaint, this circuit . . . .has tightened is application of Rule 1 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).

## PROCEDURAL BACKGROUND

Plaintiff, a former employee of Defendant, originally filed a four count Complaint alleging that she was terminated from her position as a teacher in retaliation for filing public grievances concerning overcrowded classrooms, lab safety and teacher effectiveness. (Dkt. 1). In her Complaint, Plaintiff alleged a violation of the 42 U.S.C. § 1983, specifically her First and Fourteenth Amendment rights (Counts I and II), breach of contract (Count III) and defamation (Count IV).

In response to the original Complaint, Defendant filed a Motion to Dismiss, which this Court granted in part and denied in part (Dkt. 11). Specifically, this Court dismissed Count I and III without prejudice, instructing Plaintiff that more facts needed to be alleged regarding her First Amendment retaliation claim, i.e., specific examples of the statements made, the manner, time and place of the speech, or the context in which the speech was made. Additionally, Plaintiff was instructed to either attach a copy of the contract at issue, or sufficiently allege the existence of an oral contract. See Case No. 8:06-cv-1378 at Dkt. 11. This Court also dismissed Count II with prejudice and denied Defendant's Motion as to Count IV. Plaintiff, thereafter, filed an Amended Complaint (Dkt. 12).

Defendant, on November 30, 2006, again filed a Motion to Dismiss (Dkt. 13), wherein it again argued that Plaintiff's Amended Complaint should be dismissed as Plaintiff still had failed to allege with specificity those statements made which were entitled to protection under the First Amendment. Additionally, Defendant argued that Plaintiff's breach of contract claim should be dismissed as Plaintiff again failed to state a cause of action for breach of contract. This Court again granted Defendant's Motion and for the second time instructed Plaintiff to provide specificity as to Count I and to attach a copy of the contract or union agreement that was the subject of Count III. (Dkt. 15). Plaintiff subsequently filed her Second Amended Complaint (Dkt. 18). Defendant has again sought dismissal of Counts I and III (Dkt. 19).

## DISCUSSION[1]

Plaintiff alleges the following in support of her First Amendment claim (Count I):

> a) she complained of overcrowding in classrooms and teacher safety; and
>
> b) she refused to alter disciplinary rules in favor of particular students.

(Dkt. 21 at 3-4). While Plaintiff has provided more specificity regarding her statements, her refusal to alter disciplinary rules is not a matter of public concern and therefore not protected by the First Amendment. See Dkt. 21 at ¶8. The remaining statement about overcrowded classrooms arguably is protected, however, Plaintiff has still failed to identify what steps she

---

[1] As Defendant's arguments for dismissal are the same as those presented in its two previous Motions to Dismiss, this Court will refrain from delving into a long recitation of the arguments of the instant Motion.

took to bring this issue to the public.  Notwithstanding, this Court will permit Plaintiff's claims to proceed, but only as to the statement regarding overcrowded classrooms.  If during discovery it is determined that this statement was not made in an open forum, that no attempt was made by Plaintiff to make the issue public, Defendant can, if it so chooses, address this issue at the summary judgement stage.

Plaintiff has attached a copy of the collective bargaining agreement that is the subject of her breach of contract claim (Count II).  The other allegations contained in the Second Amended Complaint as they relate to this claim are sufficient to withstand Defendant's Motion to Dismiss.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Lake Wales Charter Schools Motion to Dismiss (Dkt. 19) is GRANTED IN PART and DENIED IN PART as stated herein.

2. Defendant has **twenty (20) days** from the date of this Order in which to file an Answer to the Second Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1377- Motion to Dismiss Second Am. Complaint.frm